1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:     (916) 443-6911
4  Facsimile:     (916) 447-8336
   E-Mail:        mark@markmerin.com
5                 paul@markmerin.com
6
7    Attorneys for Plaintiff
     JANE DOE
8

9                  UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11                     SACRAMENTO DIVISION

12  | JANE DOE, | Case No. |
    |---|---|
13  | Plaintiff, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
14  | vs. | |
15  | COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER, | **DEMAND FOR JURY TRIAL** |
16  | | |
17  | Defendants. | |
18

19                        **INTRODUCTION**

20        This action arises from sexual harassment and discrimination against JANE DOE, a young

21  woman experiencing a severe mental health crisis, by Deputy PATRCIK WALKER, a law enforcement

22  officer employed and empowered with authority by the COUNTY OF SACRAMENTO,

23  SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and Sheriff SCOTT JONES.

24                     **JURISDICTION & VENUE**

25        1.    This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise

26  under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address

27  deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S.

28  Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

                                  1

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intra-district venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

**EXHAUSTION**

4.      On September 23, 2022, JANE DOE submitted a government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT concerning the claims asserted in this action, pursuant to Cal. Gov. Code § 905 *et seq*.

5.      The COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT failed or refused to act on the government claim, within 45 days after the government claim was presented. *See* Cal. Gov. Code § 912.4(c).

**PARTIES**

6.      Plaintiff JANE DOE is a resident of the State of California, County of Sacramento. Plaintiff JANE DOE proceeds by a fictitious pseudonym, in place of her true and correct name, in order to protect her privacy relating to the sensitive subjects of this action.

7.      Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Sacramento.

8.      Defendant the SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Sacramento.

9.      Defendant SCOTT JONES is and was, at all times material herein, the elected sheriff for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment and under color of state law. Defendant SCOTT JONES is sued in his individual capacity.

10.      Defendant PATRICK WALKER is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO

2

COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant PATRICK WALKER is sued in his individual capacity.

## GENERAL ALLEGATIONS

11.    Plaintiff JANE DOE is a 21-year-old woman.

12.    Plaintiff JANE DOE is disabled person who has struggled with mental health issues throughout her life, including diagnoses of bipolar disorder, anxiety, depression, post-traumatic stress disorder, and suicidal ideation.

13.    Plaintiff JANE DOE's mental health issues substantially limit major life activities, including her ability consistently to care for herself, concentrate, think, and communicate. For example, Plaintiff JANE DOE's mental health issues cause her to become easily confused, defensive, agitated, and frustrated. Plaintiff JANE DOE has experienced numerous symptoms as a result of her mental illness, including stress, fear, anxiety, and paranoia. Plaintiff JANE DOE experiences difficulty accurately processing and relaying information and verbalizing her thoughts, feelings, and intentions.

14.    Plaintiff JANE DOE has a documented history of treatment for her mental health issues, including multiple mental health commitments/holds and hospitalizations.

15.    On or about July 25, 2022, Plaintiff JANE DOE was experiencing a mental health crisis, including experiencing symptoms of her disability and mental illness.

16.    Plaintiff JANE DOE attempted suicide.

17.    Plaintiff JANE DOE's friends learned of her mental health crisis and contacted 9-1-1.

18.    Emergency medical responders and Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel responded to Plaintiff JANE DOE's location.

19.    Defendant PATRICK WALKER, a deputy sheriff, was one of the personnel who arrived at the scene and had contact with Plaintiff JANE DOE.

20.    Plaintiff JANE DOE's personal information was obtained and documented by emergency medical responders.

21.    Emergency medical responders transported Plaintiff JANE DOE to the Kaiser Permanente South Sacramento Medical Center.

22.    Plaintiff JANE DOE was placed on a 72-hour mental health hold, upon her admission to

3

the hospital.

23.     Defendant PATRICK WALKER accessed law enforcement-based records and files to obtain Plaintiff JANE DOE's private personal contact information, including her cell phone number.

24.     Defendant PATRICK WALKER accessed Plaintiff JANE DOE's private information under the pretense of performing his official duties as a law enforcement officer, including by using a passcode to enter into a law enforcement database, in violation of Cal. Pen. Code § 502(c).

25.     Defendant PATRICK WALKER used his cell phone to send a text message to Plaintiff JANE DOE's cell phone.

26.     Defendant PATRICK WALKER communicated with Plaintiff JANE DOE under the guise of authority and concern for her mental health and wellbeing, based on Plaintiff JANE DOE's ongoing mental health crisis.

27.     Defendant PATRICK WALKER exchanged several communications with Plaintiff JANE DOE.

28.     Defendant PATRICK WALKER knew that Plaintiff JANE DOE was experiencing a mental health crisis and that she was particularly vulnerable, fragile, and susceptible to manipulation and coercion.

29.     Defendant PATRICK WALKER began to initiate inappropriate communications with Plaintiff JANE DOE over a several-day period.

30.     Defendant PATRICK WALKER discussed the possibility of a sexual relationship with Plaintiff JANE DOE.

31.     Defendant PATRICK WALKER offered to send Plaintiff JANE DOE money in exchange for sexually explicit photographs and recordings.

32.     Defendant PATRICK WALKER sent photos of himself to Plaintiff JANE DOE to gain her trust, including a photo of himself in uniform and inside of Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's locker room.

33.     Defendant PATRICK WALKER frequently repeated his requests for sexually explicit content and pressured Plaintiff JANE DOE until she relented and acceded to his requests.

34.     Plaintiff JANE DOE used Facebook Messenger to send Defendant PATRICK WALKER

4

a sexually explicit video of her genitalia.

35. Defendant PATRICK WALKER used Cash App to send Plaintiff JANE DOE money.

36. Defendant PATRICK WALKER abruptly terminated his communications with Plaintiff JANE DOE.

37. Defendant PATRICK WALKER's correspondence with Plaintiff JANE DOE was performed under color of state law and within the scope of his employment, for example, where the correspondence occurred while Defendant PATRICK WALKER was on-duty; was aided through the use of department-issued equipment, such as a cell phone or computer; and was developed under the pretense that Defendant PATRICK WALKER was a law enforcement officer concerned for Plaintiff JANE DOE's mental health and wellbeing.

38. Defendant PATRICK WALKER utilized and leveraged his employment, position, and authority with Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT to exert influence, control, coerce, and sexually harass Plaintiff JANE DOE.

39. Defendant PATRICK WALKER used his position deliberately to solicit sexually explicit communications with Plaintiff JANE DOE, under circumstances in which he knew that she would find his solicitation difficult to refuse because of his position of authority and her position of vulnerability.

40. Plaintiff JANE DOE was harmed by Defendant PATRICK WALKER's conduct, which caused her to suffer severe anxiety and emotional distress, and caused her mental health further to deteriorate.

41. Defendant PATRICK WALKER's conduct destroyed Plaintiff JANE DOE's trust in the justice system, where predators, like Defendant PATRICK WALKER, are entrusted with power over vulnerable persons, like Plaintiff JANE DOE.

**POLICY AND CUSTOM ALLEGATIONS**

42. Defendant SCOTT JONES, acting as Sheriff, is and was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, including as it relates to the training, supervision, and discipline of personnel under his command. *See* Sacramento County Sheriff's Department, General Order: "Sheriff's Executive Staff," available at: <https://www.sacsheriff.com/pages/transparency.php>.

43.     Defendant SCOTT JONES has been employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT since at least 1990; promoted to sergeant in 2000; promoted to lieutenant in 2002; promoted to captain in 2007; and elected and served as sheriff since December 2010.

44.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's inappropriate contacts with crimes victims and witnesses, including:

(a)     Inappropriate and unprofessional contacts, including sexual harassment and discrimination;

(b)     Providing inadequate training with respect to sexual harassment and discrimination;

(c)     Employing and retaining and inadequately supervising, training, controlling, assigning, and disciplining personnel with propensities for abusing authority;

(d)     Maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by personnel;

(e)     Failing adequately to discipline personnel, including imposing discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct—*e.g.*, "slaps on the wrist."

(f)     Refusing to discipline, terminate, or retrain personnel, where sexual harassment or discrimination are determined in court or implied through settlement to be non-compliant with policy or unlawful;

(g)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct; and

(h)     Maintaining a policy of inaction and an attitude of indifference towards ongoing law enforcement misconduct, including by failing to discipline, retrain, investigate, terminate, and

recommend personnel for criminal prosecution who participate in misconduct, including sexual harassment and discrimination.

45.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel engage in sexual harassment and discrimination, in addition to the circumstances in this case, including:

(a)     Defendant SCOTT JONES was accused of on-duty sexual harassment by a subordinate deputy, Tosca Olives. Defendant SCOTT JONES denied the allegations in a written statement and a media appearance, stating that two separate judges found the allegations had no merit. Defendant SCOTT JONES's claims that two judges had found Deputy Olives' allegations had no merit were false and misleading, where no such determination was made by any judge. <https://www.politifact.com/factchecks/2016/oct/17/scott-jones/scott-jones-falsely-claims-judges-ruled-allegation/>.

(b)     Defendant COUNTY OF SACRAMENTO paid-out $10,000,000 over a six-year period to female deputies under Defendants SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and SCOTT JONES's supervision who were subject to sexual harassment and retaliation by superiors. <https://www.newsreview.com/sacramento/content/the-sheriffs-me-too-problem/26348118/>.

(c)     Between August 2006 and April 2007, Annette Arellano, an inmate at the Sacramento County Main Jail, was subject to rape and sexual assaults by jail deputies. Defendant SCOTT JONES, then-jail commander, conducted an inadequate investigation which cleared personnel of wrongdoing, despite Deputy Paula Wood having raped Annette Arellano approximately 20 times. Defendant SCOTT JONES did not interview Annette Arellano, the reported victim, in connection with the investigation. Instead, Defendant SCOTT JONES imposed discipline against the reporting inmate for making a "false report." Deputy Wood's misconduct was permitted to continue due to the inadequate investigation. Later, a different investigation substantiated the misconduct, Deputy Wood was criminally charged, and a second involved deputy, Clement Tang, was permitted to retire. A civil rights lawsuit was filed. (*Arellano v. Wood*, U.S. District Court, Eastern District of California, Case No. 2:08-cv-01509-FCD-KJM.) The case was settled pre-trial for $170,000, with Defendant COUNTY OF SACRAMENTO

7

paying $160,000. <https://www.prisonlegalnews.org/news/2009/nov/15/170000-in-settlements-to-sacramento-jail-prisoner-sexually-abused-by-guards/>.

        (d)    Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT maintained a pattern whereby female subordinates who slept with their male supervisors were promoted. The women who complained of favoritism were written-up, demoted, passed-over for promotion, publicly humiliated, or internally investigated. Defendant SCOTT JONES's eventual undersheriff, Erik Maness, was a primary culprit of the pattern. Defendant SCOTT JONES promoted Erik Maness on multiple occasions, even after his involvement in the sexual discrimination incidents was known. <https://www.newsreview.com/sacramento/content/the-sheriffs-me-too-problem/26348118/>. A civil rights lawsuit was filed by four plaintiffs. (*Hagadorn v. Sacramento County Sheriff's Department*, Superior Court of California, County of Sacramento, Case No. 34-2010-00091514-CU-OE-GDS.) A jury returned a verdict for the plaintiffs and awarded $3,500,000. <https://www.cbsnews.com/sacramento/news/sacramento-county-deputies-speak-out-after-winning-discrimination-suit/>

        (e)    In May 2006, a female deputy, Stephanie Angel, was one-day into a new work assignment when her supervisor and then-sergeant, Santos Ramos, asked Deputy Angel on a dinner date. Deputy Angel declined but Sergeant Ramos continued his advances, procured her private cellphone number, and texted sexually suggestive remarks. Following 19 days rebuffing the sexual harassment, Sergeant Ramos falsely accused Deputy Angel of six allegations of misconduct that led to her demotion and prompted an internal investigation that lasted almost a year. A civil rights lawsuit was filed. (*Angel v. Sacramento County Sheriff's Department*, Superior Court of California, County of Sacramento, Case No. 34-2007-00883204-CU-OE-GDS.) The case was settled pre-trial for $50,000. Defendant SCOTT JONES promoted Sergeant Santos to lieutenant in 2012 and to captain in 2015, despite knowledge of the pervasive misconduct. Captain Ramos now leads Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's "Professional Standards Division," which is responsible for investigating alleged misconduct by officers. <https://www.sacsheriff.com/pages/leadership_command.php>. Defendant SCOTT JONES's promotion of Captain Ramos "has put him in charge of an investigation into the woman who once complained about him." <https://www.newsreview.com/sacramento/content/the-

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

sheriffs-me-too-problem/26348118/>.

(f)     On March 14, 2017, a sheriff's sergeant and supervisor, Kenneth Rickett, asked a non-employee present for a ride-along, "You ever been fucked in the ass by sandpaper?," in Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's briefing room and in the presence of at least five other persons. <https://www.dropbox.com/sh/85ob9f8mbcma063/AAALBQK6k4AXSv4NYYkdUowMa?dl=0title%3D&preview=2017PSB-222.pdf>.

(g)     In 2005, then-deputy Jim Cooper, who was eventually promoted to a jail supervisor, was accused of sexual harassment against a fellow deputy. Deputy Cooper allegedly told his female coworker that she needed some "jungle love" before her wedding. Deputy Cooper later denied that his comment constituted "harassment." Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT has not released records on the incident. <https://theappeal.org/in-liberal-california-a-crusader-against-criminal-justice-reform/>.

(h)     In July 2007, Daren Allbee, a deputy with a long history of misconduct and who has been named in at least six federal lawsuits as a party-defendant, was accused of rape in family court filings. On information and belief, the rape allegations were not adjudicated on the merits but, rather, were dismissed when the victim failed to appear for a court hearing. A copy of some portion of the rape allegations and family court filings were included in Deputy Allbee's personnel file maintained by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. On information and belief, Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT never conducted an independent investigation to determine if the rape allegations were credible. Deputy Allbee suffered no adverse employment consequences or scrutiny as a result of the allegations.

(i)     In April 2007, Daren Allbee, a deputy with a long history of misconduct and who has been named in at least six federal lawsuits as a party-defendant, was found to have taken a crime report from a witness, then, "[a]fter finishing [his] watch … return[ed] to her residence and had consensual sex with her," and "went to her house about one week later and again had consensual sex." Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT served a notice of proposed disciplinary action recommending suspension without pay

9

for a period of 120 hours. Later, then-sheriff John McGinness found the allegations of misconduct true but reduced Deputy Allbee's suspension to 80 hours.

        (j)    In March 2001, several prior inmates at the Sacramento County Main Jail filed a class action lawsuit alleging that they were subject to unlawful strip-searches, including being made to "jump/dance" for deputies during the unnecessary searches. The case was settled for up to $15,000,000. (*Bull v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 01AS01545.) <https://amp.sacbee.com/article3499697.html>.

    46.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby investigations and disclosures of incidents involving harassment or discrimination are unreasonably delayed, including:

        (a)    February 26, 2020, "Discrimination" incident involving Tracy Brooks, undisclosed to date.

        (b)    June 30, 2019, "Discrimination" incident involving John Grabar, undisclosed to date.

        (c)    April 27, 2016, "Discrimination" incident involving Tim McGinness-Wayman, undisclosed to date.

    47.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in misconduct, without meaningful consequence, discipline, or corrective action, including:

        (a)    On May 8, 2017, Mikel McIntyre, an unarmed and mentally-ill Black man, was shot and killed by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel, including Jeffrey Wright, Ken Becker, and Gabriel Rodriguez. A civil rights lawsuit was filed. (*N.M. v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-01830-WBS-KJN.) The case was settled pre-trial for $1,725,000. The Sacramento County Inspector General's Office issued an officer-involved shooting review of the incident.

10

1  <https://inspectorgeneral.saccounty.net/Documents/McIntyre_OIS_Report.pdf>. Therein, the inspector

2  general found that the deputies fired an "excessive, unnecessary" number of rounds during the shooting.

3  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

4  and SCOTT JONES retaliated against the inspector general by locking him out of agency offices and jail

5  facilities, in response to the critical report.

6          (b)     On October 21, 2017, Mayco Rodrique was arrested and booked into the

7  Sacramento County Main Jail by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's

8  personnel, including Jarrod Hopeck and Jeffrey Wilson. Deputy Hopeck intentionally twisted and broke

9  Mayco Rodrique's arm, during the jail intake process. Mayco Rodrique was confined to a "sobering" cell

10 and denied him access to medical staff for 20 minutes, while Deputy Hopeck taunted him through a

11 window on the door. The incidents were captured on the jail's cameras. A citizen complaint was filed.

12 Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "exonerated" Deputy Hopeck. A

13 civil rights lawsuit was filed. (*Rodrique v. County of Sacramento*, U.S. District Court, Eastern District of

14 California, Case No. 2:17-cv-02698-WBS-EFB.) The case was settled pre-trial for $97,500. Mayco

15 Rodrique obtained numerous citizen complaints and dispositions from Defendant SACRAMENTO

16 COUNTY SHERIFF'S DEPARTMENT during discovery in the case.

17 <https://www.sacbee.com/opinion/article238722483.html>. The citizen complaint files revealed

18 Defendant SCOTT JONES was "concealing the violent abuse of inmates by deputies in his jail and

19 allowing the guilty deputies to remain in uniform." For example, Defendant SCOTT JONES overruled a

20 recommendation to discipline a subordinate who was captured on camera using excessive use-of-force.

21 Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

22 and SCOTT JONES "exonerated" numerous meritorious citizen complaints against personnel.

23 <https://www.sacbee.com/news/investigations/article238544198.html>.

24          (c)     Paul "Scotte" Pfeifer was a sheriff's deputy employed by Defendants COUNTY

25 OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES.

26 Deputy Pfeifer employed excessive force against persons he encountered on multiple occasions by

27 striking them with a department-issued flashlight. Deputy Pfeifer's assaults were documented and

28 captured on recordings on multiple occasions. Deputy Pfeifer's assaults resulted in multiple lawsuits,

11

each of which Defendant COUNTY OF SACRAMENTO settled for substantial amounts of money paid to the injured plaintiffs. *Treshchuk v. McGinness*, U.S. District Court, Eastern District of California, Case No. 2:09-cv-00691-MCE-EFB (Deputy Pfeifer struck the plaintiff in her legs multiple times with a flashlight, case settled for $20,000); *Reyes v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2015-00184139-CU-CR-GDS, *removed by* U.S. District Court, Eastern District of California, Case No. 2:15-cv-02213-JAM-DB (Deputy Pfeifer recorded assaulting the plaintiff in the middle of street, including striking him multiple times with a flashlight, case settled for $200,000); *Donohue v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:15-cv-01488-CKD (Deputy Pfeifer recorded assaulting the plaintiff while he was sitting in the driver's seat of a vehicle, case settled for $150,000). *See also* <https://www.sacbee.com/news/investigations/the-public-eye/article107619287.html>. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES failed adequately to supervise, re-train, or discipline Deputy Pfeifer following each of the incidents of misconduct and Deputy Pfeifer was retained as an employee.

48.     Defendant SCOTT JONES has demonstrated a policy or custom of inadequately training, supervising, and disciplining his personnel. *See*, *e.g.*, <https://d3n8a8pro7vhmx.cloudfront.net/inciteinsight/pages/9/attachments/original/1477460704/Scott_Jones_Research_Report.pdf?1477460704> (Defendant SCOTT JONES's "Research Book" detailing history of misconduct); <https://sacramento.newsreview.com/2020/09/22/the-dungeon-master/> (Defendant SCOTT JONES "logged the most jail deaths the same year he stopped telling the media about them"); <https://www.thedailybeast.com/scott-jones-mini-trump-sheriff-and-accused-sexual-harasser-behind-netflix-series-jailbirds> (Defendant SCOTT JONES's alleged involvement with sexual-harassment accusations, a Southern Poverty Law Center-monitored "hate group," and several lawsuits by human rights groups); <https://www.sacbee.com/opinion/article238722483.html> (Defendant SCOTT JONES's lack of transparency related to complaints against his department and officers and failure to reprimand personnel for violations of policy and law); *Faison v. Jones*, U.S. District Court, Eastern District of California, Case No. 2:19-cv-00182-TLN-KJN (Defendant SCOTT JONES subject to prohibitory injunction for violating First Amendment rights of leaders of the Black Lives Matter

Sacramento organization).

49.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT maintain an official written policy, also known as a "General Order," concerning "Destruction of Records" and "Complaints and Disciplinary Policies and Procedures." The record-destruction policy expressly provides: "Records of complaints, investigations and dispositions shall be retained by Internal Affairs for a period of at least five and one half years." Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT actively employ the record-destruction policies to destroy personnel files and Internal Affairs records, as soon as permitted by policy. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's policy results in the obfuscation and destruction of misconduct histories, including sexual harassment and discrimination. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's policy protects and emboldens personnel that frequently engage in misconduct by ensuring that historic and ongoing misconduct cannot be tracked or accounted for and that destroyed misconduct histories will adversely affect personnel's employment or potential liability. For example:

(a)    In *Sanchez v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:19-cv-01545-MCE-AC, Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT destroyed or "purged" several of Deputy Daren Allbee's personnel and misconduct records, pursuant to the records-destruction policy, including records of complaints and investigations involving on-duty sexual misconduct. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's destruction of Deputy Allbee's misconduct records obscured and precluded the discovery of the full extent of his history of misconduct.

(b)    In *Rodrique v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02698-WBS-EFB, the plaintiff, a jail inmate subject to excessive force, alleged the existence of a policy or custom of excessive force by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's personnel occurring at jail facilities. Defendant COUNTY OF SACRAMENTO produced all relevant and available Internal Affairs records in discovery but could not

13

1    produce or identify records which it had destroyed consistent with its records-destruction policies.

2    Defendant COUNTY OF SACRAMENTO admitted: "[Sacramento County Sheriff's] Department does

3    not maintain documents identifying internal affairs investigations or citizen complaints that are

4    automatically purged pursuant to department policies (*e.g.* purge logs)." Defendants COUNTY OF

5    SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's destruction of Internal

6    Affairs records obscured and precluded the discovery of the full extent of jail personnel's history of

7    misconduct.

8         50.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

9    DEPARTMENT, and SCOTT JONES were or should have been on notice regarding the need to

10   discontinue, modify, or implement new and different versions of the deficient policies or customs

11   because the inadequacies were so obvious and likely to result in violations of rights of persons coming

12   into contact with their subordinates.

13        51.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

14   DEPARTMENT, and SCOTT JONES were aware of numerous incidents of their personnel's

15   misconduct, including those incidents identified above and others involving sexual harassment and

16   discrimination, but repeatedly refused or failed to take appropriate corrective action, including

17   discipline/termination, re-training, and/or implementation of changes to policies or procedures.

18        52.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

19   DEPARTMENT, and SCOTT JONES expressly and impliedly condoned their personnel's misconduct,

20   including those incidents identified above and others involving sexual harassment and discrimination,

21   including by turning-a-blind-eye to the abuses, ignoring or refusing to investigate complaints of

22   personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a

23   culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's

24   misconduct, failing to hold personnel accountable for violations of law or policies, and creating or

25   fostering an environment where subordinates believed they could act with impunity and "get away with

26   anything."

27        53.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

28   DEPARTMENT, and SCOTT JONES's insufficient training, supervision, and control of their personnel,

14

1  including Defendant PATRICK WALKER, was a moving force behind and contributed to the violation

2  of rights of Plaintiff JANE DOE.

3  **FIRST CLAIM**

4  **Unreasonable Search / Invasion of Privacy**

5  **(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

6  54.    Plaintiff JANE DOE asserts this Claim against Defendants PATRICK WALKER.

7  55.    The allegations of the preceding paragraphs 1 to 41 are realleged and incorporated, to the

8  extent relevant and as if fully set forth in this Claim.

9  56.    Defendant PATRICK WALKER conducted a search of Plaintiff JANE DOE's personal

10  information, including contact information and phone number, for purposes of sexually harassing and

11  discriminating against Plaintiff JANE DOE, in violation of the Fourth and Fourteenth Amendments to the

12  U.S. Constitution.

13  57.    Defendant PATRICK WALKER's actions and inactions were motivated by evil motive or

14  intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively

15  done.

16  58.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendant PATRICK

17  WALKER's actions and inactions, entitling her to receive compensatory and punitive damages against

18  Defendant PATRICK WALKER.

19  WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

20  **SECOND CLAIM**

21  **Sexual Harassment and Discrimination – Substantive Due Process**

22  **(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

23  59.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF

24  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

25  PATRICK WALKER.

26  60.    The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the

27  extent relevant and as if fully set forth in this Claim.

28  61.    Defendant PATRICK WALKER sexually harassed and discriminated against Plaintiff

15

1   JANE DOE, through the use coercion and an abuse of power, in violation of the Fourteenth Amendment

2   to the U.S. Constitution.

3       62.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

4   DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which were

5   the moving force behind Defendant PATRICK WALKER's actions and inactions towards Plaintiff JANE

6   DOE, in violation of the Fourteenth Amendment to the U.S. Constitution.

7       63.     Defendants SCOTT JONES and PATRICK WALKER's actions and inactions were

8   motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or

9   were wantonly or oppressively done.

10      64.     Plaintiff JANE DOE was injured as a direct and proximate result of Defendants COUNTY

11  OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

12  PATRICK WALKER's actions and inactions, entitling her to receive compensatory damages against

13  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

14  SCOTT JONES, and PATRICK WALKER; and punitive damages against Defendants SCOTT JONES

15  and PATRICK WALKER.

16      WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

17                        **THIRD CLAIM**

18          **Sex-Based Harassment and Discrimination – Equal Protection**

19              **(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

20      65.     Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF

21  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

22  PATRICK WALKER.

23      66.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the

24  extent relevant and as if fully set forth in this Claim.

25      67.     Defendant PATRICK WALKER sexually harassed and discriminated against Plaintiff

26  JANE DOE, through the use coercion and an abuse of power, in violation of the Fourteenth Amendment

27  to the U.S. Constitution.

28      68.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

                                    16

1  DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which were

2  the moving force behind Defendant PATRICK WALKER's actions and inactions towards Plaintiff JANE

3  DOE, in violation of the Fourteenth Amendment to the U.S. Constitution.

4         69.    Defendants SCOTT JONES and PATRICK WALKER's actions and inactions were

5  motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or

6  were wantonly or oppressively done.

7         70.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendants COUNTY

8  OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

9  PATRICK WALKER's actions and inactions, entitling her to receive compensatory damages against

10  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

11  SCOTT JONES, and PATRICK WALKER; and punitive damages against Defendants SCOTT JONES

12  and PATRICK WALKER.

13        WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

14  **FOURTH CLAIM**

15  **Rehabilitation Act**

16  **(29 U.S.C. § 701, *et seq*.)**

17         71.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF

18  SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

19         72.    The allegations of the preceding paragraphs 1 to 41 are realleged and incorporated, to the

20  extent relevant and as if fully set forth in this Claim.

21         73.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

22  DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28

23  C.F.R. § 35.104. On information and belief, Defendants COUNTY OF SACRAMENTO and

24  SACRAMENTO COUNTY SHERIFF'S DEPARTMENT receive federal financial assistance. Plaintiff

25  JANE DOE had a documented mental impairment that substantially limited one or more major life

26  activities.

27         74.    Defendant PATRICK WALKER failed reasonably to accommodate Plaintiff JANE

28  DOE's disability in the course of investigation, causing greater injury and indignity in that process than

17

other persons would experience, where Defendant PATRICK WALKER could have provided a

reasonable accommodation for Plaintiff JANE DOE's disability, including: (a) by refraining from

contacting Plaintiff JANE DOE; (b) by recognizing Plaintiff JANE DOE's vulnerable state made her

particularly susceptible to injury and coercion; and/or (c) by refraining from sexual harassment and

discrimination against Plaintiff JANE DOE, with deliberate indifference or reckless disregard, in

violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

75.     Plaintiff JANE DOE was injured as a direct and proximate result of Defendant PATRICK

WALKER's actions and inactions, entitling her to receive compensatory and nominal damages against

Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

DEPARTMENT.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## FIFTH CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

76.     Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF

SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

77.     The allegations of the preceding paragraphs 1 to 41 are realleged and incorporated, to the

extent relevant and as if fully set forth in this Claim.

78.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

DEPARTMENT qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28

C.F.R. § 35.104. Plaintiff JANE DOE had a documented mental impairment that substantially limited

one or more major life activities.

79.     Defendant PATRICK WALKER failed reasonably to accommodate Plaintiff JANE

DOE's disability in the course of investigation, causing greater injury and indignity in that process than

other persons would experience, where Defendant PATRICK WALKER could have provided a

reasonable accommodation for Plaintiff JANE DOE's disability, including: (a) by refraining from

contacting Plaintiff JANE DOE; (b) by recognizing Plaintiff JANE DOE's vulnerable state made her

particularly susceptible to injury and coercion; and/or (c) by refraining from sexual harassment and

18

1  discrimination against Plaintiff JANE DOE, with deliberate indifference or reckless disregard, in

2  violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

3       80.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendant PATRICK

4  WALKER's actions and inactions, entitling her to receive compensatory and nominal damages against

5  Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

6  DEPARTMENT.

7       WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

8                                    **SIXTH CLAIM**

9                        **Unreasonable Search / Invasion of Privacy**

10                               **(Cal. Const. Art. I § 13)**

11      81.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF

12  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and PATRICK WALKER.

13      82.    The allegations of the preceding paragraphs 1 to 41 are realleged and incorporated, to the

14  extent relevant and as if fully set forth in this Claim.

15      83.    Defendant PATRICK WALKER conducted a search of Plaintiff JANE DOE's personal

16  information, including contact information and phone number, for purposes of sexually harassing and

17  discriminating against Plaintiff JANE DOE, in violation of Article I, Section 13 of the California

18  Constitution.

19      84.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

20  DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal.

21  Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees

22  acting within the scope of their employment, including Defendant PATRICK WALKER.

23      85.    Defendant PATRICK WALKER's actions and inactions constituted oppression, fraud,

24  and/or malice resulting in great harm.

25      86.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendant PATRICK

26  WALKER's actions and inactions, entitling her to receive compensatory damages against Defendants

27  COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and

28  PATRICK WALKER; and punitive damages against Defendant PATRICK WALKER.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

**SEVENTH CLAIM**

**Sexual Harassment and Discrimination – Substantive Due Process**

**(Cal. Const. Art. I § 7(a))**

87.     Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER.

88.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

89.     Defendant PATRICK WALKER sexually harassed and discriminated against Plaintiff JANE DOE, through the use coercion and an abuse of power, in violation of Article I, Section 7(a) of the California Constitution.

90.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which were the moving force behind Defendant PATRICK WALKER's actions and inactions towards Plaintiff JANE DOE, in violation of Article I, Section 7(a) of the California Constitution.

91.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants SCOTT JONES and PATRICK WALKER.

92.     Defendants SCOTT JONES and PATRICK WALKER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

93.     Plaintiff JANE DOE was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER; and punitive damages against Defendants SCOTT JONES

20

1  and PATRICK WALKER.

2         WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

3                                          **EIGHTH CLAIM**

4                          **Sex Discrimination – Equal Protection**

5                                    **(Cal. Const. Art. I § 7(a))**

6         94.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF

7  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

8  PATRICK WALKER.

9         95.    The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the

10 extent relevant and as if fully set forth in this Claim.

11        96.    Defendant PATRICK WALKER sexually harassed and discriminated against Plaintiff

12 JANE DOE, through the use coercion and an abuse of power, in violation of Article I, Section 7(a) of the

13 California Constitution.

14        97.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

15 DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which were

16 the moving force behind Defendant PATRICK WALKER's actions and inactions towards Plaintiff JANE

17 DOE, in violation of Article I, Section 7(a) of the California Constitution.

18        98.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

19 DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal.

20 Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees

21 acting within the scope of their employment, including Defendants SCOTT JONES and PATRICK

22 WALKER.

23        99.    Defendants SCOTT JONES and PATRICK WALKER's actions and inactions constituted

24 oppression, fraud, and/or malice resulting in great harm.

25        100.   Plaintiff JANE DOE was injured as a direct and proximate result of Defendants COUNTY

26 OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

27 PATRICK WALKER's actions and inactions, entitling her to receive compensatory damages against

28 Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

                                                   21

SCOTT JONES, and PATRICK WALKER; and punitive damages against Defendants SCOTT JONES and PATRICK WALKER.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

## NINTH CLAIM

### Sexual Harassment

### (Cal. Civ. Code §§ 52, 51.9)

101.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and PATRICK WALKER.

102.    The allegations of the preceding paragraphs 1 to 41 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

103.    Defendant PATRICK WALKER sexually harassed and discriminated against Plaintiff JANE DOE, where Defendant PATRICK WALKER had a service or professional relationship with Plaintiff JANE DOE, Defendant PATRICK WALKER's conduct was unwelcome, pervasive, and severe, in violation of Cal. Civ. Code § 51.9.

104.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendant PATRICK WALKER.

105.    Defendant PATRICK WALKER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

106.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendant PATRICK WALKER's actions and inactions, entitling her to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and PATRICK WALKER; and punitive damages against Defendant PATRICK WALKER.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

\ \ \

\ \ \

22

**TENTH CLAIM**

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

107.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER.

108.    The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Unreasonable Search / Invasion of Privacy

109.    Defendant PATRICK WALKER conducted a search of Plaintiff JANE DOE's personal information, including contact information and phone number, for purposes of sexually harassing and discriminating against Plaintiff JANE DOE, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution; and Article I, Sections 1 and 13 of the California Constitution.

Substantive Due Process & Equal Protection

110.    Defendant PATRICK WALKER sexually harassed and discriminated against Plaintiff JANE DOE, through the use coercion and an abuse of power, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourteenth Amendment to the U.S. Constitution; and Article I, Section 7(a) of the California Constitution.

111.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT JONES maintained policies or customs of action and inaction which were the moving force behind Defendant PATRICK WALKER's actions and inactions towards Plaintiff JANE DOE, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourteenth Amendment to the U.S. Constitution; and Article I, Section 7(a) of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

112.    Defendant PATRICK WALKER failed reasonably to accommodate Plaintiff JANE DOE's disability in the course of investigation, causing greater injury and indignity in that process than

23

other persons would experience, where Defendant PATRICK WALKER could have provided a reasonable accommodation for Plaintiff JANE DOE's disability, including: (a) by refraining from contacting Plaintiff JANE DOE; (b) by recognizing Plaintiff JANE DOE's vulnerable state made her particularly susceptible to injury and coercion; and/or (c) by refraining from sexual harassment and discrimination against Plaintiff JANE DOE, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

Sexual Harassment

113.    Defendant PATRICK WALKER sexually harassed and discriminated against Plaintiff JANE DOE, where Defendant PATRICK WALKER had a service or professional relationship with Plaintiff JANE DOE, and Defendant PATRICK WALKER's conduct was unwelcome, pervasive, and severe, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by Cal. Civ. Code § 51.9

Common Allegations

114.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants SCOTT JONES and PATRICK WALKER.

115.    Defendants SCOTT JONES and PATRICK WALKER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

116.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER's actions and inactions, entitling her to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER; and punitive damages against Defendants SCOTT JONES and PATRICK WALKER.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

24

**ELEVENTH CLAIM**

**Invasion of Privacy**

117.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and PATRICK WALKER.

118.    The allegations of the preceding paragraphs 1 to 41 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

119.    Defendant PATRICK WALKER invaded Plaintiff JANE DOE's privacy, where Plaintiff JANE DOE had a reasonable expectation of privacy in her private contact information, Defendant PATRICK WALKER intentionally intruded and accessed Plaintiff JANE DOE's contact information, and Defendant PATRICK WALKER's intrusion was highly offensive and violated Cal. Pen. Code § 502(c).

120.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendant PATRICK WALKER.

121.    Defendant PATRICK WALKER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

122.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendant PATRICK WALKER's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and PATRICK WALKER; and punitive damages against Defendant PATRICK WALKER.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

**TWELFTH CLAIM**

**Intentional Infliction of Emotional Distress**

123.    Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and PATRICK WALKER.

124.    The allegations of the preceding paragraphs 1 to 41 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

25

125.     Defendant PATRICK WALKER engaged in outrageous conduct against Plaintiff JANE DOE which caused severe emotional distress, including: (a) by invading Plaintiff JANE DOE's privacy by accessing her private contact information; and (b) by sexually harassing and discriminating against Plaintiff JANE DOE; and (c) by failing to reasonably accommodate Plaintiff JANE DOE's disability.

126.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendant PATRICK WALKER.

127.     Defendant PATRICK WALKER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

128.     Plaintiff JANE DOE was injured as a direct and proximate result of Defendant PATRICK WALKER's actions and inactions, entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and PATRICK WALKER; and punitive damages against Defendant PATRICK WALKER.

WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

### THIRTEENTH CLAIM

#### Negligence

129.     Plaintiff JANE DOE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER.

130.     The allegations of the preceding paragraphs 1 to 53 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

131.     Defendant PATRICK WALKER owed a duty to Plaintiff JANE DOE and breached that duty, including: (a) by invading Plaintiff JANE DOE's privacy by accessing her private contact information; and (b) by sexually harassing and discriminating against Plaintiff JANE DOE; and (c) by failing to reasonably accommodate Plaintiff JANE DOE's disability.

132.     Defendant SCOTT JONES owed a duty to Plaintiff JANE DOE; maintained a special relationship with Defendant PATRICK WALKER, a foreseeably dangerous person, through an

26

1    "employer-employee relationship" and the ability and duty to control his conduct; and Defendant SCOTT

2    JONES breached his duty of care duty, including by maintaining policies or customs of action and

3    inaction which were the moving force behind Defendant PATRICK WALKER's actions and inactions

4    towards Plaintiff JANE DOE.

5        133.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

6    DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal.

7    Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees

8    acting within the scope of their employment, including Defendants SCOTT JONES and PATRICK

9    WALKER.

10       134.    Defendants SCOTT JONES and PATRICK WALKER's actions and inactions constituted

11   oppression, fraud, and/or malice resulting in great harm.

12       135.    Plaintiff JANE DOE was injured as a direct and proximate result of Defendants COUNTY

13   OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and

14   PATRICK WALKER's actions and inactions, entitling her to receive compensatory damages against

15   Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

16   SCOTT JONES, and PATRICK WALKER; and punitive damages against Defendants SCOTT JONES

17   and PATRICK WALKER.

18       WHEREFORE, Plaintiff JANE DOE prays for relief as hereunder appears.

19                              **PRAYER FOR RELIEF**

20       WHEREFORE, Plaintiff JANE DOE seeks Judgment as follows:

21       1.    For an award of nominal, compensatory, general, and special damages against Defendants

22   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT

23   JONES, and PATRICK WALKER, in excess of $1,000,000, according to proof at trial;

24       2.    For an award of exemplary/punitive damages against Defendants SCOTT JONES and

25   PATRICK WALKER, in an amount sufficient to deter and to make an example of them, because their

26   actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference

27   to constitutional and statutory rights, or were wantonly or oppressively done; and/or constituted

28   oppression, fraud, or malice resulting in great harm;

3.    For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and PATRICK WALKER, pursuant to Cal. Civ. Code §§ 51.9, 52, 52.1, and any other statute as may be applicable (except that punitive damages are not sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to Cal. Civ. Code § 818);

4.    For interest;

5.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

6.    For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: December 6, 2022

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiff
JANE DOE

28

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JANE DOE.

Dated: December 6, 2022

Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiff
    JANE DOE

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Doe v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____