Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                     paul@markmerin.com

Attorneys for Plaintiff
JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JANE DOE, | Case No. |
| Plaintiff, | **PLAINTIFF JANE DOE'S** |
| vs. | ***EX PARTE* MOTION TO** |
| | **PROCEED BY PSEUDONYM** |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

### I.    INTRODUCTION

Plaintiff requests the Court's permission to proceed by the pseudonym "Jane Doe," in place of her true and correct name, because the action alleges her mental illness and victimization through sexual harassment and discrimination.

### II.    STATEMENT OF RELEVANT FACTS

Plaintiff has initiated the above-captioned matter by filing the currently-operative Complaint. ECF No. 1. Therein, Plaintiff alleges that she is a mentally-ill woman who was manipulated and coerced into an inappropriate relationship and sexually harassed and discriminated against by Sacramento County Sheriff's Department Deputy Patrick Wilson. *Id.* ¶¶ 11–41.

Plaintiff wishes to maintain her privacy and not to be publicly named in this action. Declaration of Jane Doe ("Doe Decl.") ¶ 3. Plaintiff believes that the issues in this litigation are highly sensitive and personal in nature, such that disclosure of her identify would raise a serious risk of further emotional and

1

psychological harm. *Id*. ¶ 4. Plaintiff does not believe that proceeding by a pseudonym will be prejudicial to Defendants, since she has already disclosed her true identity to Defendants prior to filing this action, including when she appeared for an internal affairs interview conducted by the Sacramento County Sheriff's Department and when she submitted a government claim to the County of Sacramento. *Id*. ¶ 5. Additionally, Plaintiff will disclose her true identity to Defendants during the course of this litigation, including during discovery proceedings. *Id*.

### III.   **ARGUMENT**

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). But the Ninth Circuit "ha[s] permitted parties to proceed anonymously when special circumstances justify secrecy," including "allow[ing] parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal quotation marks & alterations omitted). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.

"With regard to allegations of sexual assault or sexual harassment in particular, courts in the Ninth Circuit have found that allowing victims to proceed anonymously serves a strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes. *See*, *e.g.*, *Heineke v. Santa Clara Univ.*, 2017 U.S. Dist. LEXIS 201163, at *68–72 (N.D. Cal. Dec. 5, 2017) (internal citation omitted); *see also Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) (observing "tradition of not revealing names of the victims of sexual assault").

In this case, Plaintiff alleges that she is a disabled woman who was the victim of sexual harassment and discrimination by a sheriff's deputy. ECF No. 1. Plaintiff wishes to maintain her privacy and not to be publicly named in this action because the issues in this litigation are highly sensitive and personal in nature. Doe Decl. ¶¶ 3–4. Plaintiff fears disclosure of her identity would raise a serious risk of further emotional and psychological harm. *Id*. ¶ 4. Defendants will not be prejudiced by Plaintiff's use of a pseudonym, since she has already disclosed her true identity to Defendants prior to filing this action

2

and will disclose her true identity to Defendants during the course of this litigation, including during discovery. *Id*. ¶ 5.

### IV.   CONCLUSION

Plaintiff respectfully requests the Court to grant permission to proceed by the pseudonym "Jane Doe," in place of her true and correct name. A proposed order granting permission is attached.

Dated: December 7, 2022                    Respectfully Submitted,

By: _____
　　Mark E. Merin
　　Paul H. Masuhara
　　LAW OFFICE OF MARK E. MERIN
　　1010 F Street, Suite 300
　　Sacramento, California 95814
　　Telephone: (916) 443-6911
　　Facsimile: (916) 447-8336

　　Attorneys for Plaintiff
　　JANE DOE

**PLAINTIFF JANE DOE'S *EX PARTE* MOTION TO PROCEED BY PSEUDONYM**
*Doe v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____